IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY WAYNE ANDERSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0845-N |
| | § | NO. 3-10-CV-0846-N |
| RICK THALER, Director | § | NO. 3-10-CV-0847-N |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Larry Wayne Anderson, a Texas prisoner, has filed three applications for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, all three writs should be

dismissed in part on limitations grounds and denied in part.

I.

In 1996, petitioner pled guilty to one count of murder and two counts of aggravated robbery

with a deadly weapon.  Punishment was assessed at life imprisonment in each case.  No appeal was

taken.  Instead, petitioner filed three applications for state post-conviction relief--one for each

conviction.  His state writs were denied without written order. *Ex parte Anderson*, WR-72,916-01,

WR-72,916-02, WR-72,916-03 (Tex. Crim. App. Jan. 13, 2010).  Petitioner then filed this action in

federal district court.

II.

Petitioner challenges his murder conviction and two aggravated robbery convictions in three

broad grounds for relief:  (1) he is actually innocent; (2) he received ineffective assistance of counsel;

and (3) the Texas Court of Criminal Appeals denied him an evidentiary hearing on state collateral review.  In addition, petitioner contends that his two aggravated robbery convictions were based on an involuntary guilty plea.

Respondent has filed a preliminary response in which he argues that most of petitioner's claims are barred by the AEDPA statute of limitations.  Petitioner addressed the limitations issue in a pleading filed on June 29, 2010.  The court now determines that all three cases should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996).  The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period.  *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

## B.

Petitioner was sentenced to life imprisonment for one murder and two aggravated robberies. Judgment in all three cases was entered on October 29, 1996, and no appeal was taken. Therefore, petitioner's convictions became final 30 days thereafter on November 29, 1996.[1] *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal in a criminal case must be filed within 30 days after sentence is imposed). Petitioner filed three applications for state post-conviction relief--one for each conviction. The writ challenging his murder conviction was filed on August 6, 2008. The two writs challenging his aggravated robbery convictions were filed on March 9, 2009. All three writs were denied without written order on January 13, 2010. Petitioner filed this action in federal court on April 20, 2010.

The AEDPA statute of limitations started to run on November 29, 1996, when petitioner's convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *11 years* before seeking post-conviction relief in state or federal court. In an attempt to excuse this delay, petitioner argues that the limitations period should be tolled because of newly discovered evidence that establishes his innocence, at least with respect to his murder conviction. Although petitioner is not entitled to statutory tolling based on a claim of actual innocence, the Fifth Circuit has left open the possibility that "actual innocence may equitably toll the [AEDPA] statute of limitations." *Prince v. Thaler*, 354 Fed.Appx. 846, 847, 2009 WL 3806077 at *1 (5th Cir. Nov. 13, 2009). However, the "newly discovered evidence" cited by petitioner does not undermine his guilty plea or his admission

---

[1] The 30th day after judgment was entered fell on November 28, 1996, which was Thanksgiving. As a result, petitioner had until the next business day, November 29, 1996, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

that he shot the victim. In particular, nothing in the affidavits of Miguel Gallegos or Alberto Ramirez suggest that the murder victim was shot by someone other than petitioner. *See Ex parte Anderson*, WR-72,916-03, Tr. at 28-30, 34-35. Consequently, petitioner is not entitled to equitable tolling of the AEDPA statute of limitations.

C.

To the extent petitioner argues that the Texas Court of Criminal Appeals denied him an evidentiary hearing on state collateral review, that claim is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's applications for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to his 1996 murder conviction and two aggravated robbery convictions should be dismissed on limitations grounds. Petitioner's claim that the Texas Court of Criminal Appeals denied him an evidentiary hearing on state collateral review should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE